McCOY HOWARD, J. O. TYNDALL, HYMAN TYNDALL, E. S. JONES, J. N. JONES, J. D. HARPER, E. C. HOWARD, JIMMIE TYNDALL, J. B. HILL, N. V. NOBLE, and P. G. NOBLE, on Behalf of Themselves, and All Other Citizens and Taxpayers of Pine Forest School District and Taylor School District, as Well as on Behalf of All Other Citizens and Taxpayers of the Territory Comprising What Has Heretofore Been Known as the Pink Hill, Pine Forest and Taylor School Districts, in Lenoir County, v. THE BOARD OF EDUCATION OF LENOIR COUNTY, a Body Corporate, and LENOIR COUNTY, a Body Politic and Corporate.

(Filed 24 October, 1928.)

**Schools and School Districts—Consolidation of Districts—Power of County Board of Education—Discretion—Injunctions.**

Where in the discretion of the county board of education in the exercise of good faith it is required for the best interest of a consolidated school district to sell certain property therein, and it appears that the district has been formed under the county-wide plan, equity will not grant injunctive relief.

APPEAL by plaintiffs from *Grady, J.,* at Chambers, 6 September, 1928. From LENOIR. Affirmed.

This is an action for injunction to restrain the board of education of Lenoir County from selling the school property of the Pine Forest School District and the Taylor School District, for levying a tax and for other relief.

The following judgment was rendered in the court below: "This cause coming on to be heard upon petition of the plaintiffs for an injunction restraining defendants from levying a tax in the Pink Hill Consolidated District and from selling the old school buildings in what were known as Pine Forest and Taylor districts, which form a part of said Consolidated District, and the court having heard the evidence offered by the parties; now, upon the pleadings and exhibits offered, the court being of opinion that the creation of said Consolidated District was lawful, and done in the exercise of the powers conferred upon the defendants by the laws of this State, and said action having been brought solely for injunctive relief, which the court denies, it is ordered and adjudged that this action be dismissed and that defendants go hence without day and recover their costs to be taxed by the clerk."

Plaintiffs assigned errors as follows:

"1. That the court erred in holding that upon the pleadings and exhibits offered in this cause, the creation of the Pink Hill Consolidated District was lawful, and done in the exercise of the powers conferred upon the board of education of Lenoir County.

"2. That the court erred in failing and refusing to hold, upon the whole record in this cause, that the proceedings of the defendant board of education, in reference to the so-called Pink Hill Consolidated District, were not in accordance with the county-wide plan of organization, and that said county-wide plan of organization was violated in reference to the proceedings taken to consolidate and tax the Pine Forest District and the Taylor District, as set forth in the record."

*Cowper, Whitaker & Allen for plaintiffs.*
*Sutton & Greene for Board of Education of Lenoir County.*

PER CURIAM. The present superintendent of public instruction of Lenoir County, N. C., has held that position since 1 November, 1920. Cooperating with the board of education of Lenoir County, after mature consideration, a comprehensive county-wide plan for rural and urban schools in Lenoir County was determined upon, which involved the consolidation of the small districts into larger districts so that better classification and graduation of pupils and more efficient instruction on the part of the teachers could be had, and that proper high school facilities could be more economically provided.

The State Department of Education was requested to make a complete comprehensive survey. The survey was made under the State Supervisor of Rural Schools, with competent assistants. The results of this survey are set forth in Educational Publication No. 73, published by the State Superintendent of Public Instruction in the year 1924, under the title "Survey of the Public Schools of Lenoir County." That as soon as the plan therein set forth began to take definite shape it was determined that it should embrace the establishment of three standard high schools in the county, one at Kinston, one at LaGrange and one at Pink Hill, the Pink Hill Consolidated District to embrace all the territory in Pink Hill Township. The Pink Hill school and this plan has always included the *Pine Forest* and *Taylor districts* as a part of the Pink Hill Consolidated District. When this survey was being made, it covered a period from 1 December, 1921, to some time in the spring of 1923. The survey was published in 1924, contains 233 pages and it is claimed to be the most complete, instructive and far-reaching rural and urban survey ever made in the nation, and a model to be followed. It gives photographs of the groups of the old schoolhouses and the photographs of the proposed new consolidated schoolhouses in lieu of the group of old ones. It gives two maps of the "School Consolidation Survey," one showing the location of the old schools and the other the new consolidated schools. In this survey the *Pink Hill Consolidated School District* includes *Pine Forest* and *Taylor districts.*

It was contended by defendant board of education that the plan was adopted according to law and every step taken was legal and everything done that was required to be done by law, and legal notice in all matters duly given. That all the consolidated schoolhouses have been built and the Pink Hill Consolidated School District is the last in the group. That it took years to gradually consolidate, and the consolidated plan was at all times binding, but in abeyance until it could be reached under the plan, when funds became available for the purpose and other essential conditions would permit. That at the present time the conditions in reference to the Pink Hill Consolidated School are as follows:

"Teachers: Thirteen, with possibly an additional teacher of music; eleven grades, full high-school instruction.

"Grounds: Four acres; condition of school grounds very good.

"Building: Value $47,000; 15 class rooms and auditorium; electric lights arranged in a modern manner; running water; modern toilet facilities; sanitary conditions good.

"Equipment: Single desks of modern design; modern blackboards; good library; laboratory; home economics and agriculture equipment."

That besides the physical facilities which the board is able to furnish at Pink Hill, which cannot be afforded at the Pine Forest and Taylor schools, much better teachers can be secured for the Pink Hill school than for the others on account of more desirable working conditions and more attractive living conditions, so that a much higher grade of instruction can be provided by the board in the Pink Hill school than in either the Pine Forest or Taylor schools; and the board of education of Lenoir County has felt all the while, and still feels, that the interests of the children of the Pine Forest and Taylor districts are highly promoted by the action it has taken in the consolidation of districts.

That the law imposes upon this defendant board the duty of providing educational facilities for the children of said districts, and this duty it has attempted to discharge so as to be of the greatest benefit to the children in the districts.

That the Duplin County arrangement was legal, and when that county withdrew the board carried out the consolidated plan in regard to Pink Hill Consolidated School District, which it always intended to do. That the location of the Pink Hill Consolidated School District is about the center of population, and adequate transportation arrangements to carry the children will be provided; that if the arrangement with Duplin County was illegal, and if there is anything incompatible between the county-wide system and an inter-county school, the fact that the inter-county school has been abandoned ought not to be a ground of objection to putting the county-wide system into operation; that the cessation of

allegedly unlawful acts should not be urged as the basis of equitable relief. The plaintiffs contend to the contrary.

We think all that the board of education has done in the premises is a substantial compliance with the statutes in such cases made and provided and decisions of this Court on the subject. We have carefully read the record and able brief of plaintiffs' counsel and can find no reason for disturbing the judgment of the court below. We find no new or novel proposition of law involved. It may be a hardship on plaintiffs to send their children a longer distance, but the facilities for better educational advantages, no doubt, will be greatly promoted. But this is left, under the law, to the sound discretion of the board of education. The record discloses that the plaintiffs are good, law-abiding citizens, interested in education. Under the facts disclosed by the record, we cannot interfere in the board of education's discretion. The judgment below is

Affirmed.