M. B. REEVES ET AL. v. BOARD OF EDUCATION OF BUNCOMBE COUNTY ET AL.

(Filed 25 January, 1933.)

1. **Counties E b—Assumption by county of bonds issued by school districts for necessary school term held valid.**

In pursuance to mandate of our Constitution, Art. IX, sec. 3, it is the duty of the commissioners of the various counties in this State to maintain at least a six months term of public school in their respective counties, subject to indictment for their failure to do so, and in accordance with the provisions of our statute, sec. 5467, Michie's Code of 1931, it is their duty, upon information being furnished by the county boards of education, to provide the funds necessary for suitable buildings and proper equipment, and such expenses are a county-wide charge, and where bonds therefor have been voted by special school districts and by a city constituting a special charter district which has since become a part of the general county schools, the county may assume the payment of such bonds as a county-wide obligation under the provisions of N. C. Code (Michie), sec. 5599, and it is not necessary that payment therefor be made from taxes levied only in such special districts.

2. **Statutes A a—Amendatory Act passed in accordance with constitutional requirements renders former act, not so passed, valid.**

Where a statute required by the Constitution to be passed by the Legislature upon separate readings upon separate days with the aye and no vote recorded, Art. II, sec. 14, is not so passed and is therefore invalid, and a later act, amending to and referring to the former act, is passed in accordance with the constitutional provisions, the two acts will be construed together as one act, and the later act ratifies the former and renders it valid.

3. **Appeal and Error J b—Courts will not interfere with discretionary act of county commissioners in absence of abuse.**

The discretionary act of the board of county commissioners and the board of education in assuming as a county-wide obligation bonds issued by special charter school districts, N. C. Code (Michie), sec. 5599, will not be interfered with by the courts in the absence of an abuse of such discretion.

APPEAL by plaintiff from *Clement, J.,* at November Term, 1932, of BUNCOMBE. Affirmed.

The findings of fact and judgment of the court below are as follows:

"This cause coming on to be heard and being heard before his Honor, J. H. Clement, judge presiding, at the regular November Term, 1932, of the Superior Court of Buncombe County, North Carolina, the plaintiffs and defendants having in open court waived a jury trial and agreed that the judge might hear the evidence, find the facts and render judgment thereon, and after hearing the evidence, the court finds the following facts:

"1. That all of the school buildings in the various school districts in Buncombe County and fully described and set out in the pleadings, and constructed from the proceeds of bond issues heretofore voted in each of the said districts, are necessary for the six months' public school term of Buncombe County.

"2. That chapter 180 of the Public Laws of 1925, was not regularly passed by the General Assembly by a roll-call vote as prescribed by the Constitution, but that chapter 239 of the Public Laws of 1927, being an act amending said chapter 180 of the Public Laws of 1925, was regularly passed by the General Assembly in accordance with the requirements of the Constitution.

"Upon the foregoing findings of fact the court adjudges, that chapter 180, Public Laws of 1925, as amended by chapter 239, Public Laws of 1927, is constitutional, and that the assumption of the bonded debt of the various school districts in Buncombe County by the said county is a legal and valid assumption of debt, and that the proposed levy by the board of commissioners of Buncombe County of a county-wide tax for

the payment of the principal and interest of said bonds is in all respects legal and proper and duly authorized by law.

"It is further adjudged that the prayer for a permanent injunction contained in the plaintiff's complaint to restrain the board of county commissioners from assuming the bonded debt of said school district and the levying of a tax to pay the principal and interest of said bonds is denied.

"It is further adjudged that the defendants recover their costs herein incurred to be taxed by the clerk.    J. H. CLEMENT, *Judge Presiding.*"

The plaintiffs excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*Johnston & Horner for plaintiffs.*
*Chas. N. Malone for Board of Education.*
*Clinton K. Hughes for Board of Commissioners.*
*George H. Wright for Board of Financial Control.*

CLARKSON, J. The questions involved:

1. Can the county of Buncombe assume the payment of bonds issued in special school districts as a county-wide obligation, instead of levying a tax upon the district where the bonds were voted?

2. Can the county of Buncombe assume the payment of bonds issued by the city of Asheville when the same was a special charter school district but has since become a part of the general county schools of Buncombe County under the control of the board of education of said county?

3. Chapter 180 of the Public Laws of 1925 being an act to raise revenue and not having been passed as a roll-call bill, was the same cured by the amendment thereto in chapter 239 of the Public Laws of 1927?

We think all the questions must be answered in the affirmative.

Article IX, sec. 3 of the Constitution provides: "Each county in the State shall be divided into a convenient number of districts in which one or more public schools shall be maintained at least six months in every year, and if the commissioners of any county shall fail to comply with the aforesaid requirement of this section, they shall be liable to indictment."

Pursuant to this provision of the Constitution, the General Assembly has enacted: "School buildings, properly lighted and equipped with suitable desks for children and tables and chairs for teachers, are necessary in the maintenance of a six months school term. It shall be the duty of the county board of education to present these needs each year

to the county commissioners, together with the cost, and the county commissioners shall be given a reasonable time to provide the funds which they, upon investigation, shall find to be necessary for the proper equipment of the county with buildings suitably equipped, and it shall be the duty of the county commissioners to provide the funds for the same." C. S., 5467, Michie's Code, 1931.

The maintenance and construction of school buildings for the six months public school term being prescribed by the Constitution, the county commissioners could have been compelled to have provided the school buildings in Buncombe County as a county-wide charge, and could have been compelled to have provided the money therefor by the issuance of county-wide bonds, therefore, it would follow that if the various buildings in the various school districts are a county charge, it is proper for the county to assume this obligation which has heretofore been attempted by the districts. There is no sound reason why a school district should have to pay out of its own taxable property a debt which the Constitution and laws of the State impose upon the county. The authority for the assumption by the county of the bonded debt of the various school districts is contained in sec. 6, chap. 180, Public Laws, 1925, as amended by chapter 239, secs. 4 and 5, Public Laws, 1927 (Michie's Code, 1931, sec. 5599), the last paragraph of which reads as follows: "The county board of education with the approval of the board of commissioners may include in. the debt service fund in the budget the indebtedness of all districts, including special charter districts, lawfully incurred in erecting and equipping school buildings necessary for the six months school term, and when such indebtedness is taken over for payment by the county as a whole and the local districts are relieved of their annual payments, then the county funds provided for such purpose shall be deducted from the debt service fund prior to the division of this fund among the schools of the county as provided in this section."

In *Julian v. Ward,* 198 N. C., at p. 482, this Court said: "Under these and other pertinent sections of the Constitution, it has been held in this jurisdiction that these provisions are mandatory. It is the duty of the State to provide a general and uniform State system of public schools of at least six months in every year wherein tuition shall be free of charge to all the children of the State between the ages of six and twenty-one. It is a necessary expense and a vote of the people is not required to make effective these and other constitutional provisions in relation to the public school system of the State. Under the mandatory provision in relation to the public school system of the State, the financing of the public school system of the State is in the discretion

of the General Assembly by appropriate legislation either by State appropriation or through the county acting as an administrative agency of the State. *Lacy v. Bank,* 183 N. C., 373; *Lovelace v. Pratt,* 187 N. C., 686; *Frazier v. Commissioners,* 194 N. C., 49; *Hall v. Commissioners,* 194 N. C., 768."

*Wilkinson v. Board of Education,* 199 N. C., 669, *Elliott v. Board of Equalization,* 203 N. C., 749.

We think that *Maxwell v. Trust Co.,* 203 N. C., 143, is analogous and practically on "all fours" with the present case.

It may not be amiss to call attention to the county-wide plan in *Howard v. Board of Education,* 196 N. C., 229, which in substance held: Where in the discretion of the county board of education in the exercise of good faith it is required for the best interest of a consolidated school district to sell certain property therein, and it appears that the district has been formed under the county-wide plan, equity will not grant injunctive relief.

"After mature consideration, a comprehensive county-wide plan for rural and urban schools in Lenoir County was determined upon, which involved the consolidation of the small districts into larger districts so that better classification and graduation of pupils and more efficient instruction on the part of the teachers could be had, and that proper high school facilities could be more economically provided. The State Department of Education was requested to make a complete comprehensive survey. The survey was made under the State Supervisor of Rural Schools, with competent assistants." . . . When this survey was being made, it covered a period from 1 December, 1921, to sometime in the spring of 1923. The survey was published in 1924, contains 233 pages, and it is claimed to be the most complete, instructive and far-reaching rural and urban survey ever made in the nation, and a model to be followed. It gives photographs of the groups of the old schoolhouses and the photographs of the proposed new consolidated schoolhouses in lieu of the group of old ones. It gives two maps of the 'School Consolidation Survey,' one showing the location of the old schools, and the other the new consolidated schools."

This consolidation and county-wide plan was made under the Supervisor of Rural Schools, Mr. L. C. Brogden.

The next question presented by this appeal is whether section 6 of chapter 180, Public Laws of 1925, as amended by section 6 of chapter 239, Public Laws of 1927, was passed in accordance with the formalities prescribed by section 14, Article II, of the Constitution? The statutory authority for the county commissioners to assume the debt of school districts incurred in erecting and equipping the school buildings is con-

tained in chapter 180, section 6, Public Laws of 1925. It has been stipulated that this act was not passed by the General Assembly in full compliance with the Constitution. In one branch of the General Assembly the act was passed by a recorded roll call on two separate readings, but when the bill reached the other branch of the General Assembly, it was not placed upon the roll call calendar and was passed by a *viva voce* vote and without the call of the roll. Nothing else appearing, this act might be said to be unconstitutional. However, this section of the act was duly amended by chapter 239, section 6, Public Laws of 1927, which was duly and regularly passed with all the formalities prescribed by the Constitution.

The effect of this amendment is to ratify and make valid any defect in the prior act. The two acts are construed together as one and the latter by its reference to the prior act ratifies the same. This proposition has been sustained by this Court. *Range Company v. Carver,* 118 N. C., 329; *Hinton v. State Treasurer,* 193 N. C., 496.

The Constitution is mandatory in regard to schools. As to roads see *Ellis v. Greene,* 191 N. C., 761, and another case this day filed of *Reeves v. Buncombe County.*

The courts never interfere with the exercise of discretion of boards like defendants unless there has been an abuse of discretion. We can see none in the present case. For the reasons given the judgment of the court below is

Affirmed.