This is an action to enjoin the defendant J. T. Brown, sheriff of Pender County, from selling lands owned by the plaintiffs and located in *Page 332 
Maple Hill School District, Holly Township, Pender County, in accordance with notices posted by him, as required by statute, for the collection of taxes levied on said lands by the defendant board of county commissioners of Pender County for the year 1933, on the ground that said taxes were levied for the purpose of raising money to pay the obligations, evidenced by bonds and otherwise of certain school districts in Pender County other than Maple Hill School District, and for that reason were levied on the lands of the plaintiffs without lawful authority, and are therefore illegal, and also to enjoin the defendant board of county commissioners of Pender County from levying taxes on said lands for the year 1934, and for succeeding years, for said purpose.
Prior to 3 July, 1933, the board of county commissioners of Pender County, at the request of the board of education of said county, and with the approval of a majority of the qualified voters in each of said school districts, as required by law, for and in behalf of certain school districts in said county, had issued bonds in the name of Pender County, and had otherwise contracted indebtedness for the purpose of constructing and equipping schoolhouses in said district. The said bonds at the time they were issued, and the said indebtedness at the time it was contracted, were and are now the valid obligations of the said school districts. By statutory authority, taxes had been levied by the board of county commissioners of Pender County, from year to year, on property, real and personal, located in said school districts, for the purpose of raising money to pay said bonds and said indebtedness.
On 3 July, 1933, the board of county commissioners of Pender County, at a meeting held on said day, made and caused to be entered in its minutes an order as follows:
"It is ordered that the county assume the debt service obligations of the various school districts in the county."
Pursuant to said order, and in accordance with the budget requirements of the board of education of Pender County, the board of county commissioners of said county, for the year 1933, levied a tax of 43 cents on the $100.00 valuation on all the property, real and personal, in said county subject to taxation, for the purpose of raising money to pay the indebtedness, evidenced by bonds or otherwise, of said county for school purposes, including the indebtedness of the various school districts in the county contracted for the construction and equipment of schoolhouses in said districts. No bonds had been issued or indebtedness contracted by Maple Hill School District, or in its behalf. The plaintiffs have failed and refused to pay the taxes levied on their lands located in Maple Hill School District, and the defendant J. T. Brown, sheriff of Pender County, has advertised the said lands for sale for the purpose of collecting said taxes, and will sell the same unless enjoined from so doing by judgment in this action. *Page 333 
The defendant board of county commissioners of Pender County has approved the budget of the board of education of said county for the year 1934, which will require that a tax be levied on all the property, real and personal, in Pender County, for the purpose of raising money to pay the indebtedness of the various school districts of said county incurred for the construction and equipment of schoolhouses in said districts. Unless enjoined in this action, the defendant board of county commissioners of Pender County will levy said tax for the year 1934, and for succeeding years.
In their complaint, the plaintiffs allege that the schoolhouses constructed in the various school districts in Pender County and paid for with the proceeds of the bonds issued by or in behalf of said school districts, or with money borrowed for that purpose, were not essential or necessary for the operation in said districts of schools for the minimum school term of six months in each year, as required by the constitution of this State. This allegation is denied by the defendants. In their answer the defendants allege that said schoolhouses were and are essential and necessary for the operation of schools in said district, in accordance with the mandate of the Constitution of the State of North Carolina.
At a meeting held after the commencement of this action, to wit: On 4 February, 1935, the board of county commissioners of Pender County adopted and caused to be entered in its minutes a resolution as follows:
"Whereas, the board of education of Pender County, on 3 July, 1933, adopted a resolution providing that the debt service obligations of the special taxing districts and other school districts of Pender County should be taken over for payment by the county as a whole and the local districts relieved of their payment, said obligations being included in the debt service fund in the six months budget; and
"Whereas, the same was certified to the board of county commissioners of Pender County and approved by said board, and said board, pursuant to said approval, adopted the following resolution:
"`It is ordered that the county assume the debt service obligations of the various taxing school districts in the county'; and
"Whereas, it has been discovered that essential facts were inadvertently omitted from the drafts of the resolutions adopted by the board of education and by the board of county commissioners, which facts were true at the time the resolutions were adopted, and still are true; and
"Whereas, on this 4 February, 1935, the said board has decided to amend said resolutions so that they will speak the truth, and will include such essential facts as were omitted, and the board of education has adopted the following resolution, as an amendment to its resolution adopted 3 July, 1933, to wit: *Page 334 
"`Whereas, under authority of law certain local school districts of Pender County, by a majority vote of the qualified voters of each district, and in accordance with law, have issued and caused to be sold certain bonds, or have lawfully borrowed money from the State, the names of said districts being as follows, the amount of the bonds and State loans outstanding on 3 July, 1933, being placed opposite the name of each district listed below, to wit:
 Date Amt. of Amt. of outstanding District Bonds Sale Issue 7-3-33
Atkinson Special School Taxing District 7-1-25 $25,000 $18,000 Burgaw Special School District ....... 11-15-26 50,000 44,000 Long Creek Grady Special School Taxing District ...................... 7-1-25 25,000 18,000 Rocky Point Special School Taxing District ......................... 7-1-25 30,000 23,000 Topsail Special School Taxing District 11-1-24 60,000 44,000 ------- ------- Total District Bonds ........... $190,000 Total Outstanding Bonds, 7-3-33.. $147,000
 July 3, 1933 Date of Amt. State Loans, Literary Fund Loan Amount outstanding
Atkinson Special School Taxing District 2-11-94 $5,000 $ 500.00 Atkinson Special School Taxing District 2-10-26 1,500 450.00 Long Creek Grady Special School Taxing District ........................... 2-11-24 5,000 500.00 Long Creek Grady Special School Taxing District ...................... 2-10-26 1,500 450.00 Long Creek Grady Special School Taxing District ...................... 9-1-28 3,000 1,800.00 Rocky Point Special School Taxing District ........................... 2-17-26 2,000 600.00
Special Building Fund.
Atkinson and Long Creek Grady (this was a joint loan of $68,000.00, one-half County obligation and one-half District obligation), 3-10-24 .............................. $34,000.00 $18,700.00 ----------- Total State Loans for District ....... $52,000.00 *Page 335 
Total Outstanding .................... $23,000.00 Total Bonds and State Loans for Districts ........................ $242,000.00 Amount Outstanding July 3, 1933 ...... $170,000.00
"Whereas, the proceeds of the sale of the above mentioned bonds were in each instance used in the erection and equipment of school buildings in their respective districts, thus relieving the board of education and the board of county commissioners, in whole or in part, of their legal responsibility; and
"Whereas, it is the sense of the board of education that all indebtedness of school districts lawfully incurred in erecting and equipping school buildings necessary for the six months school term should be taken over for payment by the county as a whole, and the local districts relieved of their annual payments; and
"Whereas, the above listed bonds and loans were issued or made, and the proceeds thereof used for the erection and equipment of school buildings necessary for the six months school term, and the said buildings and equipment are and were on 3 July, 1933, necessary for the maintenance of the six months school term in Pender County, and the said bonds or loans, when added to any other debt service obligations of Pender County for school purposes, do not, and did not on 3 July, 1933, exceed five per cent of the valuation of the property subject to taxation in Pender County:
"Now, therefore, be it resolved:
"1. That the county board of education, with the approval of the county board of commissioners, take over the indebtedness of all school districts lawfully incurred in erecting and equipping school buildings as set forth in the preamble of this resolution, beginning with the school year 1933-1934, and relieve the local districts of their annual payments in accordance with Article 13, section 179, of the Public School Law Codification, 1923, and amendments thereto, and that the resolution of 3 July, 1933, be and the same is hereby amended so as to include this resolution and the preamble thereto;
"2. That the board of county commissioners of Pender County be furnished with a certified copy of these resolutions, and that the said board of county commissioners be and it is hereby asked to approve the action on the part of the county board of education as set forth in these resolutions.
"3. That these resolutions be in full force and effect from and after the approval of the county board of commissioners. *Page 336 
"Members present and voting `Aye' are:
"D. J. Farrior, Jr., T. J. Henry, George F. DeVane. Those voting `No.': J. R. Marshburn.
"Done in regular session, this 4 February, 1935.
 D. J. FARRIOR, JR., Chairman Board of Education.
 "Attest: T. T. MURPHY, Secretary Board of Education.
"And whereas, the taking over and assumption of the districts' obligations as set forth by said board of education is adjudged to be legally just and equitable.
"Now, therefore, be it resolved:
"1. That the action of the board of education, as set forth in its resolution and the preambles thereto recited above, be and the same is hereby approved and the said districts are hereby forever hereafter relieved of their annual payments, or any parts thereof.
"2. That the board of education be and it is hereby directed to include in the debt service fund in the six months budget the annual installments and interest on the indebtedness of all districts listed in the preamble to their resolution recited herein.
"3. That the resolution adopted 3 July, 1933, be and the same is hereby amended so as to include and embrace this resolution and its preambles.
"4. That a certified copy of this resolution be furnished to the board of education for its information, and to govern its action in this behalf.
"Those members present and voting `Aye' are:
"C. F. Davis, R. L. Batts, A. D. Ward. Those voting `No': None.
"Done in regular session on this 4 February, 1935.
 C. F. DAVIS, Chairman Board of County Commissioners.
 "Attest: GEO. F. LUCAS, Clerk."
At the trial an issue was submitted to the jury and answered as follows:
"Was the indebtedness of the special taxing districts of Pender County, which was assumed by the county as a county-wide obligation on 3 July, 1933, incurred for the construction of school buildings and for school equipment essential and necessary for the operation in said county of a six months school term? Answer: `Yes.'" *Page 337 
From judgment dissolving the temporary restraining order issued in the action and continued to the final hearing, adjudging that the taxes levied by the board of county commissioners of Pender County for the year 1933, on all property, real and personal, in said county for school debt service, were lawfully levied, and are legal, and taxing the plaintiffs with the costs of the action, the plaintiffs appealed to the Supreme Court, assigning numerous errors in the trial.
We have examined the numerous assignments of error made by the plaintiffs on this appeal. None of them can be sustained.
The motion of the plaintiffs for judgment on the pleadings was properly denied by the trial court. The allegation in the complaint that the indebtedness of the various school districts in Pender County, which was assumed by the county on 3 July, 1933, pursuant to the resolution of the board of education, and with the approval of the board of county commissioners (N.C. Code of 1935, sec. 5599), was incurred for the construction and equipment of schoolhouses in said districts, which were not necessary or essential for the operation of a school or of schools in each of said districts for a term of six months in each year, was denied in the answer. The issue thus raised by the pleadings was properly submitted to the jury. The affirmative answer of the jury to this issue was determinative of the action. See Hickory v. Catawba County, 206 N.C. 165,173, S.E., 56, and Greensboro v. Guilford County, 209 N. a., 655,184 S.E. 473.
The order of the defendant, the board of county commissioners of Pender County, as amended by the resolution of said board adopted on 4 February, 1935, pursuant to the resolution of the board of education of said county, was predicated on the finding by both said boards that the indebtedness of certain school districts in Pender County was incurred for the construction and equipment of schoolhouses in said districts which were and are necessary and essential for the operation of a school or of schools in each of said districts for a term of six months in each year. This finding was not conclusive on this action. In Hickory v. Catawba County, supra, it is said: "This is not a problem to be solved by the defendants in the exercise of their discretion, or one in the solution of which the courts are shorn of jurisdiction. The exercise of jurisdiction implies the right to hear evidence on the question whether the buildings and equipment of certain types are essential to the operation of the schools, and as the witnesses who testified as to these things were qualified to speak, the exceptions addressed to the admissibility of their testimony cannot be sustained." *Page 338 
On the facts admitted by the parties in their pleadings, and found by the jury at the trial, the judgment is affirmed on the authority of Reevesv. Board of Education, 204 N.C. 74, 167 S.E. 454.
It is the mandate of the Constitution of this State that the General Assembly shall provide by taxation and otherwise for a general and uniform system of public schools wherein tuition shall be free of charge to all the children of the State between the ages of six and twenty-one years. This constitutional mandate contemplates that the system of public schools which it is the duty of the General Assembly to provide for all the children of the State, shall be a State system, to the end that every child in the State between the ages of six and twenty-one years, without regard to the county in which such child shall reside, shall have an opportunity at least to attend a school in which standards set up by the State are maintained. When provision has been made by the General Assembly for a State system of public schools, as contemplated by the Constitution, it is the duty of the board of county commissioners of each county in the State to maintain in each school district in its county one or more schools for a term of at least six months in each year. Adequate buildings and equipment are manifestly required for the maintenance and operation of these schools. N.C. Code of 1935, sec. 5467. It is therefore the duty of the board of county commissioners of each county in the State to provide for the construction and equipment of adequate school buildings in each district of its county. When for any reason the board of county commissioners of a county has failed to perform this duty, and the buildings and equipment necessary for the maintenance and operation of schools for the minimum term required by the Constitution have been provided by the district by the issuance of bonds or otherwise by statutory authority, the board of county commissioners, at the request of the board of education of the county, may assume the indebtedness of the district, and thereby relieve the district of the burden of such indebtedness. In such case, the board of county commissioners is performing the duty which the Constitution imposes upon said board in the first instance. In Reeves v. Board of Education, supra, it is said: "There is no sound reason why a school district should have to pay out of its own taxable property a debt which the Constitution and the laws of the State impose upon the county. The authority for the assumption by the county of the bonded debt of the various school districts is contained in sec. 6, ch. 180, Public Laws 1925, as amended by ch. 239, secs. 4 and 5, Public Laws 1927, Michie's Code, 1931, sec. 5599."
We find no error in the trial of this action. The judgment is affirmed.
No error. *Page 339