This is an action to compel the defendants by a writ of mandamus:
(1) To assume the payment of certain bonds heretofore issued by the plaintiff as a special charter school district of Rowan County, aggregating the sum of $44,000, for the purpose of providing money for the construction and equipment of schoolhouses which are located in said district, and which were reasonably necessary for the maintenance and *Page 427 
operation of schools in said district, as a part of the general and uniform system of public schools in this State, as required by sec. 3 of Art. IX of the Constitution of North Carolina;
(2) To levy annually on all the taxable property in Rowan County a tax sufficient to raise money required to pay said bonds and to collect said money and apply the same to the payment of said bonds as they shall severally become due; and
(3) To pay to the plaintiff the sum of $43,200, and thereby reimburse plaintiff for money heretofore paid by it on account of bonds issued by it for said purpose.
This action was begun on 22 September, 1936, in the Superior Court of Rowan County, and was tried at May Term, 1937, of said court. Judgment was rendered as follows:
"This cause coming on to be heard at the May Term, 1937, of the Superior Court of Rowan County, before his Honor, J. Will Pless, Jr., judge presiding, and a jury, and it having been agreed that judgment may be signed out of the county and out of term, and now coming on to be heard at Statesville, N.C. and it appearing to the court that the defendants demanded a trial of the issues of fact arising upon the pleadings by a jury, and a jury at the May Term, 1937, of the Superior Court of Rowan County having answered the issues as follows:
"`1. Did the town of East Spencer lawfully issue and sell $60,000 of bonds for the purpose of providing buildings and equipment for schools conducted and operated within said district, as alleged in the complaint? Answer: "Yes."
"`2. Were the proceeds of said bonds used by the plaintiff for the purpose of providing buildings, equipment, and sites for schools in said district, as alleged in the complaint? Answer: "Yes."
"`3. What amount of said bonds so issued are still outstanding for schools for white children in said district? Answer: "$37,000, with interest from 1 January, 1937."
"`4. What amount of said bonds so issued are still outstanding for schools for colored children in said district? Answer: "$7,000, with interest from 1 January, 1937."
"`5. Were the buildings, equipment, and site constructed and used by the plaintiff in 1922 reasonably essential and necessary for the conduct and operation of the six months school term for white children, at the time they were acquired and constructed, as contemplated by sec. 3 of Art. IX of the Constitution of North Carolina? Answer: "Yes."
"`6. Are the said buildings and facilities reasonably necessary for the conduct of the constitutional six months school term of said district? Answer: "Yes." *Page 428 
"`7. Were the buildings, equipment, and site constructed and used by the plaintiff in 1922 reasonably essential and necessary for the conduct and operation of the six months school term for colored children at the time they were acquired and constructed, as contemplated by sec. 3 of Art. IX of the Constitution of North Carolina? Answer: "Yes."
"`8. Are the said buildings and facilities reasonably necessary for the conduct of the constitutional six months school term of said district? Answer: "Yes."'
"Independently of the verdict of the jury, and by consent of counsel for plaintiff and counsel for defendants, the court finds the following facts:
"1. That prior to the issuance of school bonds, the construction of school buildings, and the purchase of equipment for said buildings by the plaintiff, as alleged in the complaint, the mayor of the town of East Spencer appeared before the defendant, the Board of Education of Rowan County, and orally demanded that the defendants furnish school buildings and equipment reasonably necessary for the conduct of schools in said town for the constitutional six months term; that said demand was refused, and that thereupon and thereafter the town of East Spencer proceeded according to law to provide for said school buildings and equipment, and issued bonds to pay for said school buildings and equipment, as alleged in the complaint.
"2. That the plaintiff has paid as interest on said bonds since 22 September, 1933, which date is within three years next preceding the institution of this action, the sum of $1,320 on 1 January and July of each year thereafter, or the total amount of $9,240, and is entitled to judgment against the defendants for said amount.
"3. That the present school bonded indebtedness of the town of East Spencer, or of East Spencer Special Charter School District of Rowan County, in the principal sum of $44,000, with interest as heretofore stated, represents the unpaid balance of the original school bonded indebtedness of said district in the principal sum of $60,000, represented by 60 bonds, each for the sum of $1,000, and due and payable as follows: $2,000 annually from 1 July, 1925, to 1 January, 1936, inclusive; $3,000 annually from 1 July, 1936, to 1 July, 1939, inclusive, and $2,000 annually from 1 July, 1940, to 1 July, 1952.
"4. That the town of East Spencer has heretofore paid on the principal of said bonded indebtedness the sum of $16,000 and the sum of $43,520 as interest on said bonded indebtedness.
"4-A. That prior to the institution of this action the plaintiff filed formal demand on the defendants that they assume the payment of the indebtedness incurred by the plaintiffs for the construction of school *Page 429 
buildings in the town of East Spencer, and that the defendants reimburse the plaintiff for all money paid by it on account of the bond issued by the plaintiff for the construction of said buildings, and that said demand was refused by the defendants.
"5. That the defendant the Board of Education of Rowan County, between 1922 and 1928, with the approval of the defendant the Board of Commissioners of Rowan County, let contracts for, erected and equipped new school buildings in the following school districts of Rowan County, the said defendant borrowing from the State Literary Fund and the State Special Building Fund one-half the cost of the erection of said buildings, and paying same to said districts, and said districts each paying the remaining half of said cost out of bonds issued by said district, the said one-half of the cost of said buildings in said districts being as follows:
Granite Quarry School District, No. 7 ..................... $ 20,000.00 Special School Tax District, No. 3, China Grove Township .. 32,000.00 Woodleaf Special School Tax District ...................... 38,000.00 Cleveland Special School Tax District ..................... 24,000.00 Mt. Ulla Special School Tax District ...................... 24,000.00 Providence Special School Tax District .................... 20,000.00 Faith Local Tax District, Rockwell School District ........ 25,000.00
"6. That the defendant the Board of Education of Rowan County, with the approval of the defendant the Board of Commissioners of Rowan County, let the contract for, erected, and equipped a new school building known as the R. G. Kiser Elementary School, the said defendant borrowing from State loan funds one-half the cost of said building, to wit, the sum of $15,000, and applying said sum to the payment of one-half the cost of said building, the remaining one-half having been paid by private subscriptions.
"7. That on or about 15 July, 1926, the defendants assumed the payment of the sum of $80,000 (which amount was originally borrowed from the State School Fund) of the bonded indebtedness of the Salisbury Special Charter District for school purposes, in consideration of the said Salisbury Special Charter District having theretofore furnished tuition free in the schools of said district to children residing in Rowan County outside said district whose boundaries are practically coterminous with the corporate limits of the city of Salisbury, and agreeing to furnish tuition free to children residing in Rowan County outside the boundaries of said district for six months during each year for five years thereafter.
"8. That the total bonded school indebtedness of the city of Salisbury as a special charter district on 15 July, 1926, was $806,000, which had *Page 430 
been reduced on 31 December, 1936, to the sum of $663,000, and that the assumption by the defendants of the sum of $80,000 of said indebtedness on or about 15 July, 1926, was an assumption of approximately one-tenth of the total indebtedness of the city of Salisbury for school purposes at the date of said assumption.
"9. Some time during the year 1926 the defendants agreed to pay and did pay the sum of $30,000 to the town of Spencer in Rowan County, which said sum was applied by said town on its bonded school indebtedness, amounting at the date of said payment to the sum of $110,000; that of said sum the sum of $98,000 is now outstanding, and that the total cost of the school buildings and equipment in the town of Spencer was $180,000.
"10. That the total bonded indebtedness of Rowan County for school purposes amounted to $672,000 on 1 July, 1936.
"Upon the verdict of the jury and the additional findings of fact made by the court, the court being of opinion that the plaintiff is entitled to a writ of mandamus, requiring the defendants to assume the payment of and to pay the school bonded indebtedness of the plaintiff, the town of East Spencer, and to pay to said town the additional sum of $9,240, to reimburse said town of East Spencer for the amount paid by it on said school bonded indebtedness within the three years next preceding the institution of this action, as prayed in the complaint:
"It is now, therefore, ordered, adjudged, and decreed that the county of Rowan shall forthwith assume and pay the school bonded indebtedness of the town of East Spencer, or the East Spencer Special Charter District, in the principal sum of $44,000, with interest thereon from 1 January, 1937, as and when the said indebtedness becomes due.
"It is further ordered, adjudged, and decreed that the plaintiff recover judgment against the county of Rowan in the sum of $9,240, and that the county of Rowan forthwith assume and pay the said sum to the plaintiff, the town of East Spencer.
"It is further ordered, adjudged, and decreed that the county of Rowan shall not make any levy or collect any taxes exclusively in the town of East Spencer or in the East Spencer Special Charter District for the purpose of paying said indebtedness or any part of same, and the property owners of said town and district are relieved of the payment of any taxes which might otherwise be levied on said town or district exclusively for the year 1937, or any subsequent year, on account of such debt and said debt and interest thereon, together with this judgment for $9,240, shall be paid by the county of Rowan out of revenues lawfully provided for that purpose.
"The defendants will pay the costs of this action, to be taxed by the clerk." *Page 431 
The defendants excepted to the foregoing judgment and appealed to the Supreme Court, assigning errors at the trial and error in the judgment.
The town of East Spencer in Rowan County, North Carolina, is a municipal corporation. It was incorporated by ch. 74, Private Laws of North Carolina, 1901. Provisions are made therein for the government of said town. Its corporate limits are defined by section 2 of said chapter. Sections 21 and 22 of said chapter are as follows:
"Sec. 21. The town of East Spencer and within a radius of one-half mile or less from the corporate limits of said town, east of the railroad, shall constitute a public school district, and the proper county authorities who have the right to lay off school districts and establish school districts shall proceed at once to establish a free public school district by the name of East Spencer District, for the school children of said district, and the proper authorities as provided by law shall apportion, appropriate and set aside for this district all the school funds it may be entitled to and appoint school committees to take charge, look after and proceed to erect, equip, and construct a public schoolhouse for the white children of said town, with whatever aid and donations they may be able to get, and said school shall be proceeded with as early as possible, and be in operation not later than the fall term of public schools of that year. The board of aldermen of said town shall apply all its school taxes collected from the property in said town toward this school."
"Sec. 22. The board of aldermen of said town shall have the right to borrow a sum not exceeding one thousand dollars for the purpose of this school, aid in erecting a schoolhouse, building a town hall or mayor's office, repairing the streets of said town, and may pledge the faith and credit of said town to secure the same, and execute a note or bond in the name of the town, signed by the mayor thereof, with the seal of said town, and attested by the tax collector of said town. That said note or bond shall be valid and legal in every respect in the hands of a bona fide
holder thereof."
After the organization of the town of East Spencer as a municipal corporation, created by ch. 74, Private Laws of North Carolina 1901, the said chapter was amended by the General Assembly by ch. 15, Private Laws of North Carolina, Extra Session 1920. By said amendment the town of East Spencer was authorized, through its governing *Page 432 
body, to issue its bonds in the sum of not less than one hundred and twenty-five thousand ($125,000) dollars. It was provided that if said bonds were issued as authorized by the General Assembly, bonds aggregating not to exceed the sum of eighty thousand ($80,000) dollars should be designated as "Sewerage Bonds," and that the proceeds of said bonds, when sold, should be used by said town exclusively for the purpose of constructing and installing in said town a system of sewerage, and that bonds not exceeding the sum of forty-five thousand ($45,000) dollars should be designated as "School Bonds," and that proceeds of said bonds, when sold, should be used by said town exclusively for the purpose of building, equipping, furnishing, and maintaining in said town public schools in which tuition for children of both races in said town should be free.
It does not appear from the record in this appeal that any bonds authorized by the General Assembly by ch. 15 of Private Laws of North Carolina, Extra Session 1920, were issued and sold by the town of East Spencer. It does appear, however, from recitals in the preamble of ch. 22, Private Laws of North Carolina 1921, that a bond ordinance passed by the governing body of the town of East Spencer as authorized by the Municipal Finance Act, 1921, was approved by a majority of the qualified voters of said town at an election held therein on 23 May, 1921. The said bond ordinance authorized the issuance by the governing body of the town of East Spencer of its bonds in the sum of $60,000 for school purposes and the levying of a tax on the property in said town to pay said bonds, when sold, as they should become due. The bonds authorized by said ordinance, and the election held approving the said ordinance and the issuance of said bonds, were validated by ch. 22, Private Laws of North Carolina 1921. These bonds were issued and sold by the town of East Spencer. The proceeds of these bonds, aggregating the sum of $60,000, were used by the town of East Spencer for the construction of schoolhouses in said town and the equipment of said schoolhouses for school purposes. These are the bonds which are involved in this action.
After the construction of said schoolhouses and the purchase of equipment for said schoolhouses by the town of East Spencer, ch. 70, Private Laws of North Carolina 1923, was enacted by the General Assembly of this State. By said chapter, sec. 21 of ch. 74, Private Laws of North Carolina 1901, was stricken from said chapter and the following was inserted in lieu thereof:
"The board of aldermen of the town of East Spencer shall elect and appoint school committees for the respective public or graded schools within said town, and the school committee shall have charge of said schools, the buildings belonging to said schools, the power to elect *Page 433 
teachers, and have general supervision over all school property within said town, and that all school funds, either State, county, or city, going to or belonging to the schools of said town, which is District Number Eight, shall be paid to the treasurer of said town, and said treasurer shall disburse all school funds for school purposes on warrants issued or to be issued by the school committee of said town; and the Board of Education of Rowan County and the superintendent of public instruction of said county are hereby directed and authorized to turn over to the treasurer of said town all school funds belonging to or going to the school districts of said town."
By virtue of ch. 70, Private Laws of North Carolina 1923, the school district known as East Spencer District in Rowan County, which was established by sec. 21, of ch. 74, Private Laws of North Carolina 1901, and whose boundaries are practically coterminous with the corporate limits of the town of East Spencer, a municipal corporation, became a special charter district of Rowan County, as defined by sec. 3, of ch. 136, Public Laws of North Carolina 1923, N.C. Code of 1935, sec. 5387. Since the enactment of said ch. 70, Private Laws of North Carolina 1923, the schools of said district have been under the exclusive control and supervision of the school committee elected or appointed by the board of aldermen of the town of East Spencer. The school buildings now located in said district were constructed by the said school committee, without the approval of the Board of Education or the Board of Commissioners of Rowan County. The indebtedness incurred by the town of East Spencer for the construction and equipment of said buildings was incurred without the approval of either the said board of education or the said board of commissioners. The said indebtedness is not the indebtedness of Rowan County, but is the indebtedness of the town of East Spencer, lawfully incurred by said town, with the approval of the General Assembly of this State and of a majority of the qualified voters of said town of East Spencer.
Prior to the construction of the schoolhouses in the town of East Spencer, which were required for the operation of public schools in said town, the mayor of East Spencer appeared before the Board of Education of Rowan County and demanded that said board and the Board of Commissioners of Rowan County construct in said town school buildings reasonably necessary for the maintenance and operation of schools in said town for a minimum term of six months. This demand was refused, and properly so. The General Assembly, by the enactment of ch. 70, Private Laws of North Carolina 1923, had relieved both said boards of any duty with respect to the schools in the town of East Spencer, and had deprived the said boards of any power or jurisdiction over said schools. Sec. 30, of ch. 136, Public Laws of North Carolina 1923, N.C. Code of 1935, sec. 5430. *Page 434 
The power of the Board of Education of Rowan County, with respect to the bonded indebtedness of the town of East Spencer at the date of the commencement of this action, is conferred by statute, which is as follows:
"The county board of education, with the approval of the board of commissioners, may include in the debt service fund in the budget (i. e., the May budget, which the board is required by statute to prepare each year. See N.C. Code of 1935, sec. 5596), the indebtedness of all districts, including special charter districts, lawfully incurred in erecting and equipping school buildings necessary for the six months school term, and when such indebtedness is taken over for payment by the county as a whole, and the local districts are relieved of their annual payments, then the county funds provided for such purpose shall be deducted from the debt service fund prior to the division of this fund among the schools of the county as provided in this section." N.C. Code of 1935, sec. 5599.
By virtue of the provisions of this statute the defendant the Board of Education of Rowan County, with the approval of the defendant the Board of Commissioners of Rowan County, had the power to include in the debt service fund in its May budget of any year prior to the commencement of this action the indebtedness of the town of East Spencer, as a special charter district of Rowan County, in the sum of $44,000, and evidenced by its bonds, which was lawfully incurred by said town in erecting and equipping school buildings in said town necessary for the maintenance and operation in said town of schools for a minimum term of six months during each year, and thereby assume the payment of the said indebtedness as an obligation of Rowan County, with the result that the property in said town would be relieved of taxes for the payment of said indebtedness.
It is expressly provided in said statute that the power conferred thereby on the board of education of a county in this State, with respect to the assumption of the indebtedness of a district of the county, shall be exercised by said board in its discretion. When the board of education of a county has, in the exercise of its discretion, under the provisions of the statute, assumed the indebtedness of a district of the county, such assumption is valid, and will be enforced by the courts of this State. It was so held by this Court in Marshburn v. Brown, 210 N.C. 331,186 S.E. 265. In the opinion in that case it is said:
"It is the mandate of the Constitution of this State that the General Assembly shall provide by taxation and otherwise for a general and uniform system of public schools wherein tuition shall be free of charge to all children of the State between the ages of six and twenty-one years. This constitutional mandate contemplates that the system of public *Page 435 
schools which it is the duty of the General Assembly to provide for all the children of the State shall be a State system, to the end that every child in the State between the ages of six and twenty-one years, without regard to the county in which such child shall reside, shall have an opportunity, at least, to attend a school in which standards set up by the State are maintained. When provision has been made by the General Assembly for a State system of public schools, as contemplated by the Constitution, it is the duty of the board of county commissioners of each county in the State to maintain in each school district in its county one or more schools for a term of at least six months in each year. Adequate buildings and equipment are manifestly required for the maintenance and operation of these schools. N.C. Code of 1935, sec. 5467. It is, therefore, the duty of the board of county Commissioners of each county in the State to provide for the construction and equipment of adequate school buildings in each district of its county. When, for any reason, the board of county commissioners of a county has failed to perform this duty, and the buildings and equipment necessary for the maintenance and operation of schools for the minimum term required by the Constitution have been provided by the district by the issuance of bonds or otherwise by statutory authority, the board of commissioners, at the request of the board of education of the county, may assume the indebtedness of the district and thereby relieve the district of the burden of such indebtedness. In such case the board of county commissioners is performing the duty which the Constitution imposes upon said board in the first instance. In Reeves v. Board of Education,204 N.C. 74, 167 S.E. 454, it is said: `There is no sound reason why a school district should have to pay out of its own taxable property a debt which the Constitution and the laws of the State impose upon the county. The authority for the assumption by the county of the bonded debt of the various school districts is contained in sec. 6, ch. 180, Public Laws 1925, as amended by ch. 239, secs. 4 and 5, Public Laws 1927, N.C. Code of 1935 (Michie), sec. 5599.'"
While, ordinarily, the question as to whether the board of education of a county shall assume the indebtedness of a district, under the provisions of the statute, is addressed to the discretion of the board, and may be answered by the board in the exercise of its sound discretion, after a consideration of all the facts involved, there have been and doubtless will be cases in which the board is required to assume the indebtedness of a district, without the exercise of any discretion. In such cases the district has a clear legal right to the assumption by the board of its indebtedness, which may be enforced by a writ of mandamus. Thus in SchoolDistrict v. Alamance County, 211 N.C. 213, 189 S.E. 873, where a special charter district in Alamance County had lawfully *Page 436 
incurred an indebtedness for the purpose of constructing and equipping schoolhouses in the district, which were reasonably necessary for the maintenance and operation within the district of schools for a minimum term of six months during each year, and the Board of Education of Alamance County had assumed the indebtedness of other districts in said county, lawfully incurred for the said purpose, it was held by this Court that the Board of Education of Alamance County could not rightfully or legally refuse to assume the indebtedness of the special charter district, and that the district was entitled to a writ of mandamus to enforce such assumption. The judgment of the Superior Court in that case was affirmed, on the authority of Hickory v. Catawba County, 206 N.C. 165, 173 S.E. 156. In the opinion by Clarkson, J., it is said:
"On this record it appears that the county of Alamance has assumed every school debt of every school district in the county except the debts of the special charter districts of Mebane, Haw River, Graham, and Burlington. Having assumed some, we think it mandatory on the county commissioners to assume all if the Mebane district buildings, sites and equipment are necessary for the conduct of the constitutional school terms."
The decisions of this Court in School District v. Alamance County and inHickory v. Catawba County support the contention of the defendants in the instant case that in the absence of an assumption by the defendants of the indebtedness of any district of Rowan County, the refusal of the defendants to assume the indebtedness of the plaintiff, although such indebtedness was incurred for the construction and equipment of schoolhouses which were necessary for the maintenance and operation of schools in said district for a minimum term of six months during each year, cannot be reviewed by the courts for the reason that such refusal was the result of an exercise by the defendants of the discretion vested in them by statute.
At the trial of this case the jury has not found by an answer to an appropriate issue submitted by the court, nor has the court found, with the consent of the plaintiff and the defendants, that the defendants have assumed the indebtedness of any district of Rowan County which was lawfully incurred by such district for the construction and equipment of schoolhouses reasonably required for the maintenance and operation of schools in said district for a minimum term of six months during each year. The finding by the court, with the consent of plaintiff and defendants, that the defendant the Board of Education of Rowan County has, from time to time, appropriated and paid to certain districts in Rowan County sums of money to aid such districts in the construction and equipment of schoolhouses in said district, or as partial *Page 437 
payments on the indebtedness of such districts, is not a finding that said board of education has assumed the indebtedness of said districts or any part thereof. Such appropriations and payments were made under statutory authority, and in the exercise of discretion vested by statute in the Board of Education of Rowan County. In the absence of an assumption by the defendants of the indebtedness of any district in Rowan County, the discretion vested by statute in the board of education of said county, with respect to the assumption by said board of the indebtedness of any district of the county, remains in said board. For this reason there is error in the judgment of the Superior Court in this case.
The judgment is reversed to the end that the action may be dismissed.
Reversed.